# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DeANDRE ALLEN,

                Petitioner,              :        Case No. 1:09-cv-610

                                          District Judge S. Arthur Spiegel

      -vs-                              Magistrate Judge Michael R. Merz

                                    :

WARDEN, Warren Correctional Institution,

                Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for decision on the merits.

Petitioner was convicted in the Butler County Common Pleas Court on his plea of guilty to two counts of felonious assault and sentenced to six years on each count with the terms to be served consecutively. He pleads the following grounds for relief:

> **Ground One:** Petitioner was deprived of effective counsel on direct appeal, in violation of the 6th and 14th Amendments.
>
> **Supporting Facts:** Appointed appellate counsel raised a single non-constitutional claim regarding the juvenile bindover, and overlooked the significant and obvious constitutional errors involved in the enhancement of his sentence from the presumptive statutory maximum of concurrent terms totalling [sic] two years to consecutive terms totalling [sic] twelve years based upon judicial legislating.
>
> **Ground Two:** Petitioner was denied due process, equal protection by unlawfully enhanced sentence.
>
> **Supporting Facts:** The presumptive statutory maximum sentence for two second degree felonies in Ohio is concurrent terms totalling [sic] two years, absent additional statutory elements. Ohio has bypassed the additional elements within the judicial legislating in *State v. Foster*, 109 Ohio St. 3d 1, which was used to enhance the sentence in this case sixfold, but which has not been approved or adopted by

1

the legislature and denied due process of law.

(Petition, Doc. No. 1, PageID 5-6[1].)


## Analysis

### Ground One

In Ground One, Petitioner claims he was denied effective assistance of appellate counsel when his attorney on direct appeal failed to raise "obvious and significant constitutional errors." He does not say in his Petition precisely what those errors were, but in his Application for Reopening the Direct Appeal, he claimed counsel omitted the assignment of error that *State v. Foster*, 109 Ohio St. 3d 1 (2006), amounts to impermissible judicial legislating and that *Foster* had been abrogated by the United States Supreme Court decision in *Washington v. Recuenco*, 548 U.S. 212 (2006).

The claim of ineffective assistance of appellate counsel is cognizable in federal habeas corpus because a criminal defendant is entitled under the Sixth and Fourteenth Amendments to the effective assistance of counsel on direct appeal. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). Petitioner properly presented this claim to the Ohio courts by making it in an Ohio App. R. 26(B) Application for reopening his direct appeal and preserve it for review here by appealing, albeit unsuccessfully, to the Ohio Supreme Court from denial of that Application.

When state courts decide a federal constitutional question on the merits, a federal habeas court is bound to defer to that decision unless it is contrary to, or an objectively unreasonable application of, the relevant decisions of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 403-404 (2000); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002);

---

[1]Effective with the installation of version 4.1.1 of the software, the Court's electronic filing system (CM/ECF) automatically affixes a distinctive page number (shown in the upper right-hand corner as PageID) to each page of each filed document.

*Brown v. Payton,* 544 U.S. 133, 134 (2005).  In denying Petitioner's Application, the Court of

Appeals held:

> An application of this nature shall be granted only if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, ¶5. See, also, *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366; App.R. 26(B)(5). As used in this analysis, ineffective assistance of counsel is intended to comprise the two elements set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, namely, a deficiency in the representation of appellant and prejudice resulting from such deficient representation. *Tenace*; *State v. Sheppard,* 91 Ohio St.3d 329, 2001-Ohio-52; *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21. Appellant bears the burden of demonstrating a genuine issue as to whether he was denied the effective assistance of appellate counsel. *Tenace*, 2006-Ohio-2987 at ¶6, citing *State v. Spivey,* 84 Ohio St.3d 24, 25, 1998-Ohio-704, certiorari denied (1999), 526 U.S. 1091, 119 S.Ct. 1506.
>
> Appellant suggests that counsel was ineffective for not presenting an assignment of error arguing that his sentence denied him due process of law. Appellant submits that the decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856 – in which the Ohio Supreme Court, relying on *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, severed unconstitutional provisions of Ohio's felony sentencing statues – amounts to impermissible judicial legislation and denies him due process. Consequently, appellant insists he must be sentenced to minimum and concurrent terms for his two felony convictions.
> Ohio courts still have the authority to impose nonminimum and consecutive sentences post-*Foster*. As the supreme court noted, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reason for imposing * * * consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at paragraph seven of the syllabus. Furthermore, this court has held that the severance remedy in Foster does not violate a criminal defendant's due process rights. See *State v. Sheets*, Clermont App. No. CA2006-04-032, 2007-Ohio-1799; and *State v. Doyle,* Brown App. No. CA2005-11-020, 2006-Ohio-5373.
>
> According to appellant, Foster has been abrogated by *Washington v. Recuenco* (2006), 548 U.S. 212, 126 S. Ct. 2552, which appellant claims, found the *Foster* severance remedy to be unconstitutional. Contrary to appellant's assertions, *Recuenco* does not overrule Foster, but stands for the proposition that the failure to raise a Blakely

sentencing issue at the trial court level does not amount to structural error. See *State v. Frazier,* 115 Ohio St.3d 139, 2007-Ohio-5048, certiorari denied (2008), ___ U.S. ___, 128 S.Ct. 2077 (under *Recuenco*, a *Blakely* error is not a structural error and is subject to harmless-error analysis). See, also, *State v. Stuart,* Wood App. No. WD-07-034, 2008-Ohio-174; *State v. Judd*, Cuyahoga App. No. 89278, 2008-Ohio-6811; and *State v. Baccus*, Lucas App. No. L-06-1310, 2007-Ohio-5991.

The Ohio Supreme Court, citing *Recuenco*, has held that the failure to object to a *Blakely* error in a sentencing proceeding conducted post-*Foster* amounts to a forfeiture of the issue for direct appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶20. Because both *Blakely* and *Foster* were announced prior to appellant's plea and sentence and there was no objection at the sentencing hearing, appellant has forfeited the issue for appellate purposes. Id. at ¶20.

"Under *Strickland*, a court must apply 'a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S. Ct. 2052, and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' *Id.* at 689, 104 S. Ct. 2052. Moreover since the basis of [appellant's] claim is counsel's failure to raise certain issues on appeal, we note that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308." *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, ¶7.

"To show ineffective assistance, [appellant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal." *State v. Jalowiec*, 92 Ohio St.3d 421, 422, 2001-Ohio-164, certiorari denied, 534 U.S. 964, 122 S.Ct. 374.

(Opinion, Return of Writ, Doc. No. 4, Ex. 18).

This Court concludes the Ohio Court of Appeals decision was not an objectively unreasonable application of U.S. Supreme Court law.  Appellate counsel are not ineffective on account of not raising assignments of error which would not have succeeded.  Petitioner's proposed assignment of error – that *Foster* amounts to impermissible judicial legislating and has been abrogated by *Washington v. Recuenco* – is without merit.  There is no federal or Ohio constitutional prohibition of "judicial legislating" insofar as that phrase describes what happened in *Foster*.  And

*Recuenco* supports Respondent's case rather than Petitioner's. Therefore Petitioner's first Ground for Relief is without merit.

**Ground Two**

In Ground Two, Petitioner raises directly his claim that the sentencing regime created by *State v. Foster, supra,* constitutes "judicial legislating" and the result has not been approved by the legislature.  Respondent asserts that this claim has been procedurally defaulted because there was no contemporaneous objection at the time of sentencing.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001); *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

The Ohio contemporaneous objection rule – that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected – is set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998). States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), citing *Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).

Because no contemporaneous objection was made, this constitutional claim was procedurally defaulted. See also *State v. Payne*, 114 Ohio St.3d 502 (2007). Petitioner has not shown excusing cause and prejudice because his claim of ineffective assistance of appellate counsel – the only arguable cause and prejudice – is also without merit.

In addition to being procedurally defaulted, this claim is without merit. As noted above, there is no federal constitutional prohibition on "judicial legislating" as that term is being applied by Petitioner to what the Ohio Supreme Court did in *Foster.*

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any request to appeal *in forma pauperis*. The Court should certify to the Court of Appeals that any appeal would be objectively frivolous.

6

August 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).