```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

DeANDRE ALLEN,                        :
                                      : NO. 1:09-CV-00610
    Petitioner,                       :
                                      :
                                      :
  v.                                  : **OPINION AND ORDER**
                                      :
                                      :
WARDEN, WARREN CORRECTIONAL           :
INSTITUTION,                          :
                                      :
    Respondent.                       :

      This matter is before the Court on the Magistrate Judge's August 20, 2010 Report and Recommendation (doc. 7). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1).

      Briefly, by way of background, Petitioner pleaded guilty and was convicted of two counts of felonious assault in the Butler County Common Pleas Court in 2007 (doc. 7). He was sentenced to six years on each count to be served consecutively (Id.). Petitioner asserts two grounds for relief (Id.). First, Petitioner alleges ineffective assistance of counsel on direct appeal in violation of his Sixth and Fourteenth Amendment rights (Id.). Second, Petitioner alleges that his due process and equal protection rights were violated when his sentence was enhanced

(Id.).

Petitioner's grounds for relief are somewhat intertwined. Petitioner claims in Ground One that his appellate counsel erred by omitting the assignment of error that the decision State v. Foster, 109 Ohio St. 3d 1 (2006) was impermissible judicial legislating and had been abrogated by Washington v. Recuenco, 548 U.S. 212 (2006) (Id.).  This was a significant and obvious constitutional error, Petitioner argues directly in Ground Two, because Foster allows for unconstitutional judicial legislating which resulted in Petitioner's enhanced sentence (Id.).

With respect to Ground One, the Magistrate Judge noted that the standard of review for state courts' federal constitutional determinations is one of deference unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" (Id., citing 28 U.S.C.A. § 2254(d)(1)).

The Ohio Court of Appeals' decision held that "Ohio courts still have the authority to impose non-minimum and consecutive sentences post-Foster" (Id.).  This decision, the Magistrate Judge found, was not an objectively unreasonable application of federal law (Id.).  Indeed, the Magistrate Judge found that Petitioner's claim was meritless because "[there] is no federal or Ohio constitutional prohibition of 'judicial legislating' insofar as that phrase describes what happened in

Foster." (Id.).  Furthermore, the Magistrate Judge noted that judgments of Petitioner's appellate counsel are entitled to "a heavy measure of deference," Strickland v. Washington, 466 U.S. 668 (1984), and appellate counsel is not required to "raise every possible issue in order to render constitutional effective assistance" (Id.).  The Magistrate Judge concluded that appellate counsel is not responsible for raising assignments of error that have no chance of success such as the one advanced by Petitioner in Ground One (Id.).

In Ground Two, Petitioner raises the constitutional claim directly, contending that Foster is invalid and constitutes judicial legislating (Id.).  Respondent asserted that this claim was procedurally defaulted when Petitioner failed to raise a contemporary objection at sentencing (Id.).  The Magistrate Judge applied the Sixth Circuit's four-part test regarding state claims of procedural default in habeas cases, finding the contemporaneous objection rule valid (Id., citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).  The Magistrate Judge, finding no evidence of contemporaneous objection, held Petitioner's second ground for relief procedurally defaulted. (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned and correct.  Accordingly, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation in its entirety,

3

AFFIRMS it in all respects (doc. 7) and thus DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court DECLINES to issue a certificate of appealability with respect to Petitioner's claim for relief in Ground One because Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the issues presented are not adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Similarly, the Court DECLINES to issue a certificate of appealability with respect to Petitioner's claim for relief in Ground Two, which the Court has concluded is procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in Slack, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Pursuant to 28 U.S.C. 1915(1)(c), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: November 16, 2010      s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge